**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| **DANIEL M. HAYES,** | ) | **CASE NO. 5:14CV2461** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CHRISTOPHER LAROSE, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

      This matter comes before the Court on Petitioner Daniel M. Hayes' Petition

Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF

#1).  For the following reasons, the Court accepts and adopts the Magistrate Judge's

Report and Recommendation and denies Petitioner's Petition.

<u>**FACTS**</u>

      The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's

Report and Recommendation, adopted and incorporated, provides a more complete and

detailed discussion of the facts.

1

On November 5, 2010, a Summit County Grand Jury charged Petitioner  with

three counts of Felonious Assault with a Firearm Specification; one count of Improperly

Discharging a Firearm at or into Habitation or School; one count of Having Weapons

While Under Disability; and one count of Possession of Cocaine.  The charge for

Possession of Cocaine was later amended to Possession of Heroin.  On March 6, 2012,

a jury found Petitioner guilty as charged.  On March 12, 2012, the trial court sentenced

Petitioner to a total of eighteen years in prison, including a term of five years

incarceration for each of the Felonious Assault charges, to be served consecutively; a

term of three years incarceration for the three Firearm Specifications, which were

merged; also to be served consecutively; a term of three years incarceration for Having

Weapons While Under Disability, to be served concurrently with the Felonious Assault

and Firearm Specification sentences; and, a term of three years incarceration for

Possession of Heroin, also to be served concurrently.

On April 11, 2012, Petitioner filed a Notice of Appeal with the Court of Appeals

for the Ninth Appellate District.  On June 12, 2013, the Court of Appeals affirmed

Petitioner's conviction.  On July 25, 2013, Petitioner filed a Notice of Appeal with the

Supreme Court of Ohio.  On November 6, 2013, the Supreme Court of Ohio declined to

accept jurisdiction.  On August 19, 2014, Petitioner filed a  Petition to Set Aside or

Vacate Judgment of Conviction or Sentence.  The State moved to dismiss Petitioner's

Petition on the ground that it was untimely and should have been brought as an

Application to Reopen Appeal under Ohio R. App. Pr. 26(B).  On September 10, 2014,

the trial court denied Petitioner's Petition.

On October 7, 2014, Hayes filed a Notice of Appeal.  On July 30, 2015,

2

Petitioner's Appeal was dismissed.  Petitioner did not appeal to the Supreme Court.

On November 6, 2014, Petitioner filed a Petition for Writ of Habeas Corpus asserting the following seven grounds for relief:

**GROUND ONE:** Whether the Doctrine of Merger contained in ORC §2941.25, Multiple Counts, provides merger of enhancement provision while prohibiting merger of the criminal offenses, thus, violating the Double Jeopardy Clause, prohibiting multiple punishment from the same act or transaction.

**GROUND TWO:** The accused's convictions for felonious assault, in violation of R.C. 2903.11, are against the manifest weight of the evidence.

**GROUND THREE:** The trial court erred in allowing the jury to view a video of the defendant's interrogation, as the video was unduly prejudicial.

**GROUND FOUR:** Appellate counsel (Gregory A. Price) was ineffective for failing to inform appellant when the record was transferred to the Court of Appeals, triggering the 180 day statute of limitations for filing a petition for post-conviction relief.

**GROUND FIVE:** Appellate counsel was ineffective for failing to assign as an error on appeal trial counsel's failure to object to the amending of the indictment in violation of Crim.R.7(D).

**GROUND SIX:** Appellate counsel was ineffective for failing to assign as an error on appeal trial counsel's failure to object to officer Joe Palmer knowingly making a false statement under oath or affirmation and knowingly searing or affirming the truth of a false statement previously made in violation of R.C.2921.11(A)(B) and R.C.2921.13(A)(1)(A)(2)(A)(3)(A)(6)(A)(7).

**GROUND SEVEN:** Appellate counsel was ineffective for failing to assign as an error on appeal that the verdict form for Count Five (Having Weapons While Under Disability) failed to contain the applicable revised code section, the degree of the offense, or any indication that the aggravating factors were found by the jury.

3

On January 26, 2015,  this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on January 27, 2016.  On February 18, 2016, Petitioner filed his Objections to Report and Recommendation of Magistrate Judge.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

4

## **ANALYSIS**

In Ground One, Petitioner contends that his rights under the Double Jeopardy Clause of the Fifth Amendment were violated by the imposition of three separate five-year sentences for the same offense of Felonious Assault.  Petitioner contends that this claim is premised not on the Ohio statute, but on the Double Jeopardy Clause of the United States Constitution.  Courts have interpreted this multiple-punishments prohibition, however, as protecting defendants from being punished more than once for a single act only when the legislature does not intend for the punishments to be cumulative.  *See Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013) (citing *Albernaz v. United States*, 450 U.S. 333, 334, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)).

However, as the Magistrate Judge points out, the Court of Appeals addressed this issue on direct appeal and found that Petitioner fired three separate shots in three different locations, each with a separate animus.  Although Petitioner argues in his Objections that the Magistrate Judge did not thoroughly analyze the facts presented at trial, the Court disagrees.  After reviewing the record, the Court agrees with the Magistrate Judge that the Court of Appeals was reasonable when it concluded that the trial court did not violate the Double Jeopardy Clause.  The Court finds that the Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established federal law.  Therefore, Ground One is without merit and denied.

In Ground Two, Petitioner contends that his convictions are against the manifest weight of the evidence.  The Magistrate Judge points out that in *Nash v. Eberlin*, 258 Fed. App'x 761, 765 n.4 (6th Cir. 2007), the Sixth Circuit liberally construed a *pro se* habeas petitioner's manifest weight of the evidence claim to be one challenging

sufficiency of the evidence.  The Court agrees with the Magistrate Judge that Ground Two should be considered as raising a sufficiency claim.

The Due Process Clause of the Fourteenth Amendment requires a state to prove every element of a crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).   "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit."  *Herrera v. Collins*, 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

The Magistrate Judge thoroughly reviewed the record with deference to the trier-of-fact's verdict and the Court of Appeals consideration of the verdict and determined that the Court of Appeals provided a detailed account and well-reasoned analysis of the evidence presented to support the convictions.  The Court agrees.  The shots fired by Petitioner were not random warning shots.  In his Objections, Petitioner argues that the evidence is clear he did not know who was entering his apartment.  The Court finds that it is simply not credible that the SWAT team would not announce themselves when making their entrance.  The evidence showed that the shots were fired at waist or head levels and were within the height of the three named officer victims.  The jury was free to accept or reject Petitioner's claim that he did not hear the SWAT team announcing themselves.  The jury was free to accept or reject Petitioner's claim that he fired random warning shots.  The Court agrees with the Court of Appeals that given the evidence in the record, the jury was able to convict Petitioner of firing a gun three times in an attempt to cause physical harm.  Ground Two is without merit and denied.

The Magistrate Judge found that Grounds Three, Four, Five, Six and Seven are

6

procedurally defaulted.  Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).  A claim may become procedurally defaulted in two ways.  *Id.*  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*

In Ground Three, Petitioner procedurally defaulted this claim by failing to comply with Ohio Appellate Rule 16(A)(7).  That Rule provides, "The appellant shall include in his brief . . . [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to ... parts of the record on which appellant relies."  Ohio App. R. 16(A)(7).  The Court of Appeals found that Petitioner did not provide an explaination in his brief how he was prejudiced by the video showing him shirtless and in restraints, and the Court of Appeals  would not conduct a prejudice analysis with regard to all the other evidence presented at trial.

The Magistrate Judge correctly determined that courts in both this district and the Southern District of Ohio have found Ohio Appellate Rule 16(A)(7) an adequate and independent state rule upon which the state may foreclose federal habeas review.  *See*, *e.g., Campbell v. Bunting*, 2015 WL 4984871, at **8-9 (N.D. Ohio Aug. 19, 2015) (Carr, J.); *Johnson v. Bradshaw*, 2006 WL 2945915, at **9-10 (N.D. Ohio Oct. 13, 2006) (Wells, J.); *Tompkins v. Warden, Dayton Corr. Inst.*, 2010 WL 4683966, at *6 (S.D. Ohio

July 19, 2010) (Wehrman, M.J.).  *See also Greene v. Brigano*, 123 F.3d 917, 920 (6th Cir. 1997) (noting the mandatory nature of Ohio App. R. 16(A)(7)); *Banks v. Bradshaw*, 2008 WL 4356955, at **10-11 (N.D. Ohio Sept. 17, 2008) (Gaughan, J.) (finding Ohio App. R.16(A)(2) an adequate and independent state rule that bars federal habeas review).

Petitioner has not shown cause or prejudice for the procedural default or claimed actual innocence.  Therefore, Ground Three is dismissed as procedurally defaulted.

Secondly, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures.*"* *O'Sullivan v. Boerckel*, 26 U.S. 838, 848 (1999).  If, at the time of the federal habeas petition state law no longer allows the petitioner to raise the claim, it is procedurally defaulted.  *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982).

The Magistrate Judge correctly concluded that Grounds Four, Five, Six and Seven are also procedurally defaulted because Petitioner did not present them to the Ohio Supreme Court and is now precluded from doing so.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (if a petitioner fails to fairly present a federal habeas claim to the highest state court and has no remaining state remedies, then the petitioner has procedurally defaulted that claim);  *State v. Ruff*, 70 Ohio St. 3d 1461 (Ohio 1994) (delayed appeals of felony cases are not permitted in post-conviction proceedings)

Respondent argues that these claims are procedurally defaulted for three separate reasons: first, the trial court raised the procedural bar of untimeliness when denying Petitioner's post-conviction Petition; second, the Court of Appeals raised the procedural bar of O.R.C. § 2953.23 because Petitioner failed to file a required brief; and

8

third, Petitioner did not present these claims to the Ohio Supreme Court in a timely appeal and cannot now do so.

Petitioner's Traverse was filed before the Court of Appeals issued its decision on Petitioner's Appeal of the denial of his post-conviction Petition on July 30, 2015.  On October 15, 2015, the Magistrate Judge ordered the parties to submit supplemental briefing regarding the impact of the Court of Appeals' denial of Petitioner's appeal, as well as his failure to appeal that decision to the Ohio Supreme Court.  Respondent filed a brief on October 16, 2015.  Petitioner did not comply with the Order and did not file a brief.  The Court agrees with the Magistrate Judge that these claims are procedurally defaulted.  Petitioner has not shown any cause or raised any claim to excuse the default.   Therefore, Grounds Four through Seven are dismissed as procedurally defaulted.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith.  28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).


**IT IS SO ORDERED.**

9

Date:4/18/2016

*s/Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**